**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**KEVIN TURNER**                                                        **CIVIL ACTION**

**VERSUS**                                                                   **NO. 23-1666-JWD-RLB**

**AERION RENTAL SERVICES, LLC, ET AL.**

**NOTICE**

  Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

  In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

  **ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

  Signed in Baton Rouge, Louisiana, on June 5, 2024.

                  **RICHARD L. BOURGEOIS, JR.**
                  **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KEVIN TURNER                                          CIVIL ACTION

VERSUS                                                NO. 23-1666-JWD-RLB

AERION RENTAL SERVICES, LLC, ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion for Remand. (R. Doc. 6). The motion is opposed. (R. Doc. 9). The parties have submitted supplemental briefs. (R. Docs. 12, 13).

## I.     Background

On or about October 26, 2023, Kevin Turner ("Plaintiff") filed this personal injury action in the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana, seeking recovery from Aerion Rental Services, LLC and Aerion, LLC (collectively, the "Aerion Defendants") and Chesapeake Energy Corporation and Chesapeake Energy Louisiana Corporation (collectively, the "Chesapeake Defendants"). (R. Doc. 1-2, "Petition"). In the Petition, Plaintiff specifically asserts that this action is not removable because the Aerion Defendants are citizens of Louisiana, the forum state, further noting that he "seeks damages far in excess of $75,000." (Petition ¶ 4).

Plaintiff alleges that he was injured when he "slipped on slick metal grates that oil-based mud had dripped . . . from an over-flowing catch basin that is supposed to keep the BOP [blowout preventer] stack clean" while working as a motorman for his employer, Helmerich & Payne, at a Chesapeake site in Louisiana. (Petition ¶¶ 12-13). Plaintiff further alleges that the "incident occurred because of unsafe work practices, unsafe work planning, use of unsafe equipment, lack of supervision, and other reasons to be discovered." (Petition ¶ 14). Based on the

1

foregoing, Plaintiff raises negligence and intentional tort claims against both the Aerion

Defendants and Chesapeake Defendants, including allegations that all Defendants failed to use

adequate equipment, monitor and clean the catch basin, engage in safe work practices relating to

the catch basin, or otherwise follow correct policies and procedures or train and supervise

employees and contractors. (Petition ¶ 17). Plaintiff did not, however, raise any specific

allegations with respect to the Aerion Defendants, including identifying their role at the worksite

and with respect to any equipment. Plaintiff separately raised claims of premise liability solely

against the Chesapeake Defendants. (*See* Petition ¶¶ 20-25).

On December 14, 2023, the Chesapeake Defendants removed the action, asserting that

this Court can exercise diversity jurisdiction under 28 U.S.C. § 1332. (R. Doc. 1). In the Notice

of Removal, the Chesapeake Defendants assert that they are citizens of Oklahoma, Plaintiff is a

citizen of Texas, and the Aerion Defendants are citizens of Louisiana. (R. Doc. 1 at 2-3).

In the Notice of Removal, the Chesapeake Defendants assert that the Aerion Defendants

were "improperly joined" as defendants "for the sole purpose of defeating diversity jurisdiction."

(R. Doc. 1 at 3). The Chesapeake Defendants assert that the Aerion Defendants' status as diverse

forum defendants can be ignored for the purposes of removal, given the following: "Aerion

Rental Services, L.L.C.'s only connection to this case appears to be that it rented some

equipment for use at the well site"; Plaintiff does not allege that he was injured by "equipment

owned/or provided" by that entity; and no Aerion personnel operated the equipment at the rig

site, supervised anyone else operating the equipment, or otherwise owed a personal duty to

Plaintiff. (R. Doc. 1 at 3-4). Finally, the Chesapeake Defendants assert that the amount in

controversy is satisfied based on Plaintiff's specific allegation in the Petition that he is seeking

recovery in excess of $75,000. (R. Doc. 1 at 2, 4).

On January 11, 2024, Plaintiff filed a Motion to Remand asserting that removal was improper under 28 U.S.C. § 1441(b)(2), the forum-defendant rule, because the Aerion Defendants are citizens of the forum state, Louisiana. (R. Doc. 6). Plaintiff submits proof that the Aerion Defendants were served with process prior to removal. (R. Docs. 6-1, 6-2).[1] Plaintiff argues that the Chesapeake Defendants have not met their burden of establishing that the Aerion Defendants were "improperly joined" for the purposes of the forum-defendant rule. (*See* R. Doc. 6-3 at 4-9). Plaintiff represents that the Aerion Defendants "rented the equipment with the catch basis for use at the Chesapeake site" and were "responsible for ensuring the catch basin did not overflow, cleaning up any fluid that did overflow, ensuring the catch basin was in good working order, and following industry standards relating to maintaining the catch basin." (R. Doc. 6-3 at 8).

In opposing remand, the Chesapeake Defendants assert that the Aerion Defendants were "improperly joined" as "non-diverse" forum defendants in this action and, therefore, their citizenship should be ignored for the purposes of removal. (R. Doc. 9).[2] As set forth below, it is evident, however, that the Aerion Defendants are diverse forum defendants. The Chesapeake Defendants urge the court to "pierce the pleadings and conduct a summary inquiry" by considering the affidavits of Aerion Defendants' President, Ben Barnard (R. Doc. 9-1) and Chesapeake Operating, L.L.C.'s health, safety, and environmental field representative, Dewayne Magee (R. Doc. 9-2). Among other things, the Chesapeake Defendants assert that these affidavits, and their attached exhibits, establish that the Aerion Defendants did not lease the catch basin or otherwise have any responsibilities regarding the maintenance or monitoring of the catch basin or the training or supervision of the Chesapeake Defendants' contractors such as

---

[1] The Aerion Defendants have not made an appearance in this action.
[2] In their supplemental briefing, the Chesapeake Defendants acknowledge that the Aerion Defendants are, in fact, "diverse" forum defendants because Plaintiff is an out-of-state citizen of Texas.

Plaintiff. (R. Doc. 9 at 5-6). The Chesapeake Defendants further assert that Plaintiff has otherwise failed to raise any specific allegations that the Aerion Defendants owed any specific duties that were breached or that the Aerion Defendants committed an intentional tort. (R. Doc. 9 at 7-16).

After reviewing the arguments of the parties, the Court ordered the parties to submit supplemental briefing on the issue of whether the "improper joinder" doctrine applies in the context of a <u>diverse</u> forum defendant. As ordered, the parties have submitted additional briefing in support of their positions regarding the application of the improper joinder doctrine to a diverse forum defendant. (R. Docs. 12, 13).

## II.    Law and Analysis

### A.    Subject Matter Jurisdiction

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed . . ."). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). The removing party has the burden of proving federal diversity jurisdiction. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).

4

There is no dispute that an exercise of diversity jurisdiction under 28 U.S.C. § 1332 over this removed action is proper regardless of the sufficiency of the allegations against the Aerion Defendants. There is complete diversity: Plaintiff is a citizen of Texas; none of the defendants are citizens of Texas. While the Aerion Defendants are "forum" or "in-state" defendants (because they are citizens of the forum state, Louisiana), their presence does not destroy complete diversity because Plaintiff is not a citizen of Louisiana. Furthermore, there is no dispute that the amount in controversy requirement is satisfied given that Plaintiff specifically seeks to recover an amount in excess of $75,0000. Accordingly, the Court will turn to the issue of whether the forum-defendant rule precludes removal of this action.

**B.      The Forum-Defendant Rule**

### 1.      The Relationship Between the Forum-Defendant Rule and the Improper Joinder Doctrine

"A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). This requirement is often referred to as the "forum-defendant rule," which "is a procedural rule and not a jurisdictional one." *Texas Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482, 485 (5th Cir. 2020) (citing *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 392-93 (5th Cir. 2009)). The forum-defendant rule exists because removal based on diversity jurisdiction is intended to protect out-of-state defendants from possible prejudices in state court, but those concerns are absent in cases where the defendant is a citizen of the state in which the case is brought. *Stewart v. Auguillard Const. Co.*, No. 09-6455, 2009 WL 5175217, at *3 (E.D. La. Dec. 18, 2009) (citing *Lively v. Wild Oats*, 456 F.3d 933, 940 (9th Cir. 2006)).

In contrast to the forum-defendant rule, the "improper joinder" doctrine is a jurisdictional doctrine constituting "a narrow exception to the rule of complete diversity." *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011) (citing *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005)); *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 209-10 (5th Cir. 2016) ("In considering whether a nondiverse party was improperly joined . . ., the court is *only* considering jurisdiction."). This jurisdictional doctrine allows a court to ignore the citizenship of a non-diverse defendant, for the purpose of exercising diversity jurisdiction under 28 U.S.C. § 1332, where the removing defendant can establish: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 571 (5th Cir. 2004) (en banc) (quoting *Travis v. Irby,* 326 F.3d 644, 646-47 (5th Cir. 2003)); *see Flagg v. Stryker Corp.*, 819 F.3d 132, 136-137 (5th Cir. 2016) (en banc).

The improper joinder doctrine only applies where a district court would lack diversity jurisdiction over a removed action unless the court ignores the citizenship of a non-diverse defendant. In the *Smallwood* decision, the Fifth Circuit replaced the term "fraudulent joinder" in favor of "improper joinder" given the "statutory underpinnings" of the doctrine. *Smallwood*, 385 F.3d at 571 n.1, 572-73 (citing 28 U.S.C. § 1441(b) and 28 U.S.C. § 1359). Nevertheless, the Fifth Circuit has acknowledged that its precedent regarding the "improper joinder" doctrine is "not based upon the text of the statute but rather on the concept that fake or fraudulent joinder of a party to defeat federal jurisdiction should not be approved." *Williams v. Homeland Ins. Co. of New York,* 18 F.4th 806, 812 (5th Cir. 2021); *see also Green v. Amerada Hess Corp.*, 707 F.2d 201, 206 (5th Cir. 1983) (describing fraudulent joinder as a "judicially created doctrine"); *Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 295 (5th Cir. 2019) (same); *see also Smallwood v. Illinois Cent. R. Co.*, 352 F.3d 220, 224 (5th Cir. 2003) ("[T]the doctrine of fraudulent joinder is a

judicially-created exception to the complete diversity rule."), *reh'g en banc granted*, 355 F.3d 357.

"No Circuit, let alone the Fifth Circuit, has conclusively held that the improper joinder doctrine extends to forum defendants." *WF/TX Invs., LLC v. Seneca Ins. Co., Inc.*, No. 19-00751, 2020 WL 1812672, at \*3 (E.D. Tex. Apr. 9, 2020); *see Albaugh v. Wind Access Engr., Inc.*, No. 23-146, 2024 WL 625328, at \*1 n.1 (S.D. Tex. Feb. 14, 2024) (noting that the Fifth Circuit has not applied the improper joinder doctrine to diverse forum defendants); *Butler v. ENSCO Intercontinental GmbH*, No. 16-578, 2017 WL 496073, at \*7 (S.D. Tex. Feb. 7, 2017) (same); *see also Morris v. Nuzzo*, 718 F.3d 660, 666-71 (7th Cir. 2013) (discussing whether the improper joinder doctrine should extend to the forum-defendant rule without deciding the issue "absent a more thorough and more able presentation of the relevant balance of interests").

Several district courts within the Fifth Circuit have declined to extend the improper joinder analysis to the forum defendant rule where the in-state defendant is otherwise diverse. *See*, *e.g.*, *C&R Transp. Servs., LLC v. Ritchie Bros. Auctioneers (Am.) Inc.*, No. 23-00536, 2023 WL 8937163, at \*4 (N.D. Tex. Dec. 6, 2023) ("The improper joinder doctrine does not extend to the forum-defendant rule, and the Court cannot ignore [the diverse defendant's] Texas citizenship."), *report and recommendation adopted*, 2023 WL 8936706 (N.D. Tex. Dec. 27, 2023); *Monical v. Johnson & Johnson*, No. 22-00859, 2022 WL 17835060, at \*5 (N.D. Tex. Dec. 20, 2022) ("[T]he Court declines the opportunity to explicitly extend the fraudulent joinder doctrine to the forum defendant rule where the parties are diverse."); *Thick v. Johnson & Johnson*, No. 21-03090, 2022 WL 17834535, at \*5 (N.D. Tex. Dec. 20, 2022) (same); *WF/TX Invs.*, 2020 WL 1812672, at \*4 (rejecting argument that improper joinder doctrine applied to a diverse forum defendant); *Tipton v. Landen*, No. 15-02811, 2016 WL 919539, at \*5 (W.D. La. Mar. 8, 2016) ("[T]he forum defendant rule—a procedural standard—is totally unrelated to the

improper joinder doctrine, and there is no basis for conflating improper joinder and the forum defendant rule."); *see also Wehmeyer v. AT&T Corp.*, No. 21-01163, 2021 WL 5349192, at \*3 (W.D. La. Oct. 14, 2021) (after noting that the Court could not remand the action *sua sponte* because the forum-defendant rule "is procedural in nature and is not a jurisdictional rule," concluding that regardless of whether the forum defendant was "improperly joined" the Court had subject-matter jurisdiction over the action).

Some district courts, however, have applied the improper joinder doctrine to diverse forum defendants. *See*, *e.g.*, *Rhino Shield Gulf S., LLC v. RSUI Grp., Inc.*, No. 18-11247, 2019 WL 142296, at \*4 (E.D. La. Jan. 9, 2019) (applying improper joinder doctrine to a diverse forum defendant); *Stallworth v. Packaging Corp. of Am.*, No. 18-00440, 2018 WL 4869198, at \*2 (W.D. La. Aug. 30, 2018) ("Today we join with the courts that assert that improper joinder has already been tacitly extended, or at least should easily be extended, to the forum defendant context, in particular reliance on the 'properly joined' language in the statute."), *report and recommendation adopted*, 2018 WL 6532988 (W.D. La. Dec. 10, 2018); *Gooch v. Packaging Corp. of Am.*, No. 18-00278, 2018 WL 4869425, at \*2 n.1 (W.D. La. Aug. 30, 2018) (same), *report and recommendation adopted*, 2018 WL 6036550 (W.D. La. Nov. 14, 2018); *Taylor v. Cavender Buick of Texas Ltd.*, No. 16-724, 2016 WL 6581353 (W.D. Tex. Nov. 7, 2016) (denying remand under the forum-defendant rule after finding that the diverse forum defendants were improperly joined); *Aguilar v. Wal–Mart Stores Texas, LLC*, No. 14-245, 2015 WL 11023492 (E.D. Tex. Jan. 6, 2015) (remanding action under the forum-defendant rule where the removing defendants failed to meet their burden of demonstrating the improper joinder of the diverse forum defendant).

### 2.    Application of the Forum-Defendant Rule in this Case

The Chesapeake Defendants urge the Court to conclude that the Aerion Defendants were "improperly joined" as defendants, and, accordingly, the Court should ignore their citizenship and allow removal notwithstanding the forum-defendant rule. As discussed above, there is no dispute that the presence of the Aerion Defendants in this action does not destroy diversity jurisdiction. Having considered the plain language of Section 1441(b)(2),[3] the pertinent decisional law, and the arguments of the parties, the Court agrees with the decisions in this Circuit specifically holding that the improper joinder doctrine, as detailed in *Smallwood* and its progeny, does not apply for the purpose of ignoring the citizenship of diverse forum defendants. *See*, *e.g.*, *C&R Transp. Servs.*, 2023 WL 8937163, at *4 ("Improper joinder is a narrow exception to the jurisdictional requirement of complete diversity, not the procedural requirement of the forum-defendant rule.") (citing *McDonal*, 408 F.3d at 183; *Texas Brine*, 955 F. 3d at 485); *WF/TX Invs.*, 2020 WL 1812672, at *4; *Tipton*, 2016 WL 919539, at *5.

The plain language of the forum-defendant rule provides that where a court can exercise diversity jurisdiction over a removed action, that action "<u>may not be removed</u> if any of the parties in interest <u>properly joined and served</u> as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). The record indicates that the Aerion Defendants, who are citizens of the forum state of Louisiana, were "properly joined and served" as defendants prior to removal as those words are used in Section 1441(b)(2). Accordingly, this action is subject to remand.

First, there is no dispute that Plaintiff properly served the Aerion Defendants prior to removal. The instant removal was not a "snap removal" that would preclude application of the

---

[3] "[W]hen the plain language of a statute is unambiguous and does not lead to an absurd result, our inquiry begins and ends with the plain meaning of that language." *Dunn-McCampbell Royalty Interest, Inc. v. Nat'l Park Serv.*, 630 F.3d 431, 438 (5th Cir. 2011) (quotation marks omitted).

forum-defendant rule. *See Texas Brine*, 955 F.3d at 486-487 (interpreting the plain language of Section 1441(b)(2) as allowing "snap removal" prior to service on all diverse forum defendants).

Second, the Fifth Circuit refused to adopt the "fraudulent misjoinder" doctrine observed by the Eleventh Circuit, which extends the "improper joinder doctrine to procedural questions concerning party joinder." *See Williams*, 18 F.4th at 814 (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000)). In the *Williams* decision, the Fifth Circuit emphasized that Section 1441(b)(2), "which does not allow removal 'if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought,' does not reach the question of 'properly joined and served *unless* the "civil action [is] otherwise removable solely on the basis of the jurisdiction under section 1332(a)." *Williams*, 18 F.4th at 815. In other words, the Fifth Circuit specifically observed that the "improper joinder" doctrine only applies to the analysis of diversity jurisdiction under Section 1332(a), not the procedural forum-defendant rule found in Section 1441(b)(2). *Id.*; *see also Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir. 2006) (distinguishing the "fraudulent joinder" doctrine and "proper joinder" under Rule 20(a) of the Federal Rules of Civil Procedure and similar state joinder law).

Here, the Chesapeake Defendants do not challenge the joinder of Aerion Defendants as a matter of procedural law. And even if they had, the Fifth Circuit has made it clear that "procedural questions regarding misjoinder . . . are better resolved in state courts prior to removal." *Williams*, 18 F.4th at 815.

In sum, the Court finds it appropriate to remand this action in light of the forum-defendant rule, 28 U.S.C. § 1441(b)(2). There is no dispute that the presence of the Aerion Defendants does not destroy diversity and that these forum defendants were served prior to

removal. The improper joinder doctrine, which is a judicially created jurisdictional doctrine that serves as a narrow exception to complete diversity for the purposes of exercising diversity jurisdiction, does not allow a court to ignore the citizenship of diverse forum defendants.[4] Accordingly, the Court does not reach the Chesapeake Defendants' arguments regarding the asserted improper joinder of the Aerion Defendants for the purposes of precluding removal.

While some district courts in this circuit have logically extended the improper joinder rule in this context, the Fifth Circuit has not. The Court is reminded that the removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch*, 491 F.3d at 281-82.

## III.    Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiff's Motion for Remand (R. Doc. 6) be **GRANTED,** and this action be **REMANDED** to the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana.

Signed in Baton Rouge, Louisiana, on June 5, 2024.

_____
 **RICHARD L. BOURGEOIS, JR.**
 **UNITED STATES MAGISTRATE JUDGE**

---

[4] In contrast, it is proper for the court to ignore the citizenship of non-diverse forum defendants where those defendants are "improperly joined" for the purposes of exercising diversity jurisdiction. In such circumstances, the improperly joined non-diverse forum defendants must be dismissed, without prejudice, given that the court "never has jurisdiction" over those defendants. *See Int'l Energy Ventures*, 818 F.3d at 209. Accordingly, it is proper ignore the citizenship of "improperly joined" non-diverse forum defendants for the purposes of the forum-defendant rule. *See id*. (affirming denial of remand where the non-diverse forum defendant was improperly joined for jurisdictional purposes); *see also Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) (removing defendants need not obtain the consent of non-diverse co-defendants under 28 U.S.C. § 1446(b) where those co-defendants were improperly joined as defendants).